FILED
SUPERIOR COURT
OF GUAM

2019 APR -3 AM II: 10

CLERK OF COURT

BY: _____

# IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. CM0080-19 |
| | ) | |
| v. | ) | |
| | ) | |
| **JORDAN SAUL RACHULAP,** | ) | |
| aka JORDAN RECHULAP, | ) | **DECISION AND ORDER DENYING** |
| aka JAYDON SOULIN RACHULAP, | ) | **DEFENDANT'S MOTION AND** |
| aka JORDAN RACHUNAP, | ) | **APPLICATION FOR BAIL** |
| aka JORUU LANO, aka JAYDEN | ) | **REDETERMINATION** |
| DOB: 04/14/1994, | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

## Introduction

This matter came before the Honorable Maria T. Cenzon on March 26, 2019 2018 for a hearing on Defendant Jordan Saul Rachulap's ("Defendant") Motion and Application for Bail Redetermination under 8 GCA § 40.50 for Release on Personal Recognizance ("Motion for Release"). Defendant was present and represented by Defense Attorney Ana Maria Gayle of the Alternate Public Defender Service Corporation. Assistant Attorney General J. Basil O'Mallan, III represented the People of Guam (the "People"). Having reviewed the record and relevant law, the Court ruled from the bench **DENYING** Defendant's Motion for Release. The Court now issues this written Decision and Order memorializing its ruling in compliance with 8 GCA § 40.50(a).

## Background

The Complaint alleges the following offenses: Criminal Mischief (as a Misdemeanor); Harassment (as a Petty Misdemeanor); and Disorderly Conduct (as a Petty Misdemeanor). Magistrate's Complaint (Feb. 16, 2019). According to the Complaint, the police responded to a

*ORIGINAL*

disturbance call twice in the same night at an apartment complex in Harmon. During the first call, the police could not locate the Defendant. According to the alleged victim, her boyfriend- Defendant Jordan Saul Rachulap – came to her apartment unit and banged on the door and yelled profanities. The alleged victim reported that she was inside with her children and that she feared for her safety and the safety of her children. The police noted that the alleged victim's was dislodged and damaged. A second caller reported a disturbance just three hours after the first call. According to the second caller, a male who did not live at the apartment complex refused to leave the alleged victim's unit. The police spoke to the alleged victim again, and she confirmed that the Defendant was the male identified by the second caller. The police located the Defendant on the roof of an extension building of the apartment where he was attempting to hide. Defendant is confined pending the posting of One Thousand Dollars ($1,000) cash bail. Commitment Order (Feb. 16. 2019). On March 18, 2019 Defendant filed the instant Motion for Release. The People did not file an opposition to the instant motion.

## Discussion

Guam law provides "[t]he judge shall order the person charged to be released on recognizance, *unless the judge determines*, in his discretion, on the basis of available information, *that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.*" 8 GCA § 40.15(b) (emphasis added). The factors are:

> (1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;
> (2) the history and characteristics of the person charged, including:
>     (i) length of his/her residence on Guam
>     (ii) his/her employment status and history, and financial condition;
>     (iii) his/her family ties and relationships;
>     (iv) his/her reputation, character and mental and physical condition;
>     (v) his/her prior criminal record; if any, including any record of prior release on recognizance or on bail;
>     (vi) his/her history relating to drug or alcohol abuse;
>     (vii) the identity of the reasonable members of the community who will vouch for his/her reliability;

(viii) whether, at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing, appeal or completion of sentence of an offense under Federal, state or local law; and

(ix) his/her history of compliance with other Court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; and

(4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual members thereof if released.

*Id.* § 40.15(c).

If a Court finds that a release on his own recognizance would not assure a defendant's appearance or would present a danger to any other person or the community, the Court may still permit release subject to certain conditions under 8 GCA § 40.20. These conditions include:

(a) Placement of the person in the custody of a designated person or organization agreeing to supervise him/her and to assist him/her in appearing in Court;

(b) Placement of restrictions on the activities, movements, associations and residence of the person;

(c) Execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

(d) Release of the person during working hours, but with the condition that he/she return to custody at specified times; or

(e) Any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

*Id.* § 40.20. Under this section, the least onerous conditions shall be imposed to ensure Defendant's appearance as required and safety of any other person and the community.

Based on the available information, the Court concludes Defendant's release on personal recognizance may endanger the safety of the victims and/or the community. The Court further finds that Defendant's release on personal recognizance will not reasonably assure Defendant's appearance as required and/or his compliance with the Court's subsequent orders.

At the time this alleged offense occurred, the Defendant was on pre-trial release for CF0690-18 and CF0709-18. Defendant was on probation for CF0470-17 and CF0709-18. Defendant was also on parole for CF0538-14 and CF0287-13. The Defendant also had an active bench warrant issued in CF0470-17 (for violating the terms of probation). Defendant has several

active cases under four (4) aliases. Therefore, based on the Defendant's non-compliance with the his pre-trial release conditions, probation and parole terms, the Court finds Defendant's release on his own recognizance would not assure his appearance (as required) and that such release would present a danger to any other person or the community. Under 8 GCA § 40.20, the Court finds the least onerous condition in this case is the execution of a bond in the amount specified by the Magistrate Judge or placement of the person in the custody of a designated person. The Court also recognizes that there is nothing to suggest the circumstances at this hearing vary from the time the Magistrate Judge considered setting Defendant's bail at $1,000.

## Conclusion

For the reasons set forth above, the Court DENIED Defendant's Motion and Application for Bail Redetermination for Release on Personal Recognizance.

**SO ORDERED** this _____ APR 0 3 2019 _____, *nunc pro tunc* to March 26, 2019.

**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
_DAOO  JJARD_
Date: 4/3/19  Time: 11:15Am
Deputy Clerk, Superior Court of Guam

*People v. Jordan Saul Rachulap*; CM0080-19
D&O Denying Defendant's Motion and Application for Bail Redetermination
Page 4 of 4